UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-73 |
| | ) | |
| DAVID E. GOINS and | ) | (VARLAN/GUYTON) |
| CAROLYN GOINS, | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 30, 2009, for a motion hearing on the Defendants' Joint Motion to Sever and Memorandum in Support [Doc. 16], filed on July 31, 2009. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Jonathan A. Moffatt represented Defendant David E. Goins and Attorney Angela Morelock represented Defendant Carolyn Goins.

The Indictment [Doc. 1] charges the Defendants together with three counts as follows: Conspiracy to distribute fifty grams or more of cocaine base and cocaine hydrochloride from January 20, 2009, until February 12, 2009 (Count 1); possession with intent to distribute fifty grams or more of cocaine base on February 12, 2009 (Count 6); and possession with intent to distribute a detectable amount of cocaine hydrochloride on February 12, 2009 (Count 7). Defendant Carolyn Goins is charged with four additional counts as follows: Distribution of a detectable

1

amount of cocaine base on January 20, 2009 (Count 2); distribution of a detectable amount of cocaine base on January 22, 2009 (Count 3); distribution of a detectable amount of cocaine base on February 4, 2009 (Count 4); and distribution of a detectable amount of cocaine base on February 10, 2009 (Count 5).

In their joint motion [Doc. 16], the Defendants ask the court to sever the charges and trial of Defendant David E. Goins' case from that of Defendant Carolyn Goins because a joint trial of the Defendants would be unduly prejudicial under Rules 8(b) and 14, Federal Rules of Criminal Procedure. The motion asserts that Defendants will present antagonistic defenses with both Defendants disavowing knowledge of the presence of a shoe box, alleged to contain crack cocaine. Further, the motion states that these antagonistic defenses will create a conflict that is so prejudicial that it will cause the jury to infer that both Defendants are guilty. Mr. Goins asserts that should his co-defendant exercise her right not to testify, the Government might introduce inculpatory statements that may be prejudicial to him. The motion argues that testimony with regard to the persons who would come and go in reference to the Defendants' residence is pertinent to Mr. Goins' defense. The absence of that testimony would deny Goins his right to present evidence relevant to his innocence and would sacrifice his right to a fair trial.

The Government responds [Doc. 19] that the Defendants are properly joined under Rule 8(b) because they are charged with participation in the same conspiracy and that all charges as to both of the Defendants relate to that conspiracy. The Government argues that as a general rule, parties who are jointly indicted should be tried together, particularly when defendants are joined in a conspiracy. It points out that antagonistic defenses alone are not reason enough to sever. The Government also argues that any spillover effect in this trial is negligible because, in a conspiracy

2

case, the majority of the evidence against one conspirator will come in against another co-conspirator, even in separate trials. It states that there is no danger of otherwise inadmissible evidence being used against either Defendant in a joint trial.

At the September 30 hearing, Defendant David Goins argued that evidence of drug sales by Defendant Carolyn Goins was not proof of any of his actions. On the contrary, he argued, evidence of those sales would prejudice him. He reemphasized that he disavows knowledge of the box, as does his co-defendant and that their antagonistic defenses would likely confuse the jury. Additionally, Mr. Goins argued that he would like to present the testimony of Carolyn Goins regarding who had access to their house. Defendant Carolyn Goins joined the arguments of her co-defendant. The Government reiterated that antagonistic defenses alone are not a basis for severance of co-defendants. The Government also pointed out that the Defendants are free to call any of the people that had access to their house as witnesses to avoid any possible Fifth Amendment concerns.

> Rule 8(b) provides that two or more defendants may be charged
>
> in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In the present case, the Court finds that the Defendants were properly joined in the same indictment because they are alleged to have participated in the same act or series of transactions, i.e., a conspiracy to distribute cocaine over nearly two months. See United States v. Smith, 197 F.3d 225, 230 (6th Cir. 1999) (observing that "[t]he general rule in conspiracy cases is that persons indicted together should be tried together"); see, e.g., United States v. Welch, 97 F.3d 142, 147-48 (6th Cir. 1996) (affirming denial of severance where defendant only named in three of

twenty-nine counts stemming from a conspiracy to sell cocaine), cert. denied, 519 U.S. 1134 (1997). They are also alleged to have engaged in two counts of possessing cocaine with intent to distribute within this time frame. Finally, Mrs. Goins is alleged to have distributed cocaine base on four occasions within the time frame of the conspiracy. The general rule is that parties who are jointly indicted should be tried together. United States v. Davis, 809 F.2d 1194, 1207 (6th Cir. 1987); United States v. Dempsey, 733 F.2d 392, 398 (6th Cir. 1980). Joinder of defendants promotes judicial economy because there is almost always common evidence against the joined defendants. United States v. Phibbs, 999. F.2d 1053, 1067 (6th Cir. 1993). In the instant case, the Court finds that the Defendants, having been jointly indicted, have been properly joined.

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific

trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

The Defendants argue in essence that a single trial would prevent the jury from making a reliable determination of the guilt of each defendant because of the presentation of antagonistic defenses. Their argument is that each defendant would likely aim to prosecute their co-defendant in order to escape culpability. The United States Supreme Court has held that "mutually antagonistic defenses are not prejudicial *per se*." Id. at 538. The defendant has the "'burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" Smith, 197 F.3d at 230 (quoting Davis, 809 F.2d at 1207). The Court finds that the Defendants have failed to carry that burden.

Instead of pointing to any specific or compelling prejudice resulting from a joint trial, the Defendants speculate that they will each attempt to defend their case by placing the blame on their co-defendant. The Defendants contend that these defenses are antagonistic to the point that they will present a conflict, which will confuse the jury and cause it to find that both Defendants are guilty. The Court does not find this argument to be compelling. The Court of Appeals for the Sixth Circuit has held "[t]he fact that each defendant attempts to lay the blame at the feet of the other defendants is not reason enough for a severance without a showing that the jury is unable to treat evidence applicable to each defendant distinctively." Id. (citing United States v. Horton, 847 F.2d 313, 317 (6th Cir. 1988)). Moreover, "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration).

5

In the present case, the Defendants have failed to show any reason that a properly instructed jury would not be able to separate the evidence against each of them. In this regard, the Court notes that the separate counts against Mrs. Goins each relate to a specific date on which she is alleged to have distributed cocaine base. The counts in which both Defendants are alleged to have engaged in possession of cocaine with intent to distribute are purported to have occurred on a different date than the four counts attributed solely to Mrs. Goins. The Court finds that the differing dates for the allegations of distribution and possession will permit the jury to segregate the evidence.

As stated above, the Supreme Court in Zafiro held that antagonistic defenses should only result in severance if the defendants show "a serious risk that a joint trial would compromise a specific trial right of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." 506 U.S. at 539. The Defendants argue that they will be prejudiced by the admission of the inculpatory statements of their co-defendant in a joint trial. The Government argues that the Defendants' statements can be redacted to remove any incriminating references to each other. The Supreme Court has held that the admission of a co-defendant's confession, which also inculpates the defendant, in their joint trial violates the confrontation right of the defendant even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing co-defendant. Bruton v. United States, 391 U.S. 123, 127 (1968). In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Court limited Bruton by upholding the introduction of a co-defendant's statement, which was not facially incriminating to the defendant, even though the co-defendant's statement became incriminating to the defendant when linked to other evidence presented at trial. The "Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession

6

is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Id. at 211. Accordingly, the Court finds that any potential prejudice posed by the admission of a non-testifying co-defendant's statement can be avoided by the appropriate redactions to remove any reference to the co-defendant.

The Defendants also argue that they will be prejudiced by the absence of their co-defendant's testimony, should either Defendant choose not to testify in a joint trial. In this respect, Mr. Goins argued that he would likely call Mrs. Goins, to testify about who had access to their house. Mr. Goins maintains that he would be denied the right to present evidence relevant to his innocence if Mrs. Goins were to exercise her Fifth Amendment right to refuse to testify in a joint trial. Mrs. Goins joined in these arguments. Both Defendants argued that they did not believe that they could assert a Fifth Amendment privilege to refuse to answer non-incriminating questions, such as who had access to the house, in separate trials.

The Sixth Circuit has established a "stringent test" for the Court to use when "ruling on a motion for severance in order to obtain a codefendant's testimony":

> The defendant "must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed."

United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting United States v. Butler, 611 F.2d 1066, 1071 (5th Cir.), cert. denied 449 U.S. 830 (1980)). The appellate court has affirmed the denial of severance when the defendants failed to meet this test. United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996) (analyzing the defendants' argument that they "were entitled to separate trials because a varying array of their codefendants would have presented some generic 'substantially exculpatory testimony' at a separate trial"). In the present case, even assuming that

7

testimony that other individuals aside from the co-defendants had access to their house would be exculpatory, neither Defendant has shown the need for their co-defendant's testimony or that the other Defendant will actually testify. As the Government pointed out, the Defendants are free to call the other persons who had access to their home to prove the substance of the testimony that they argued they would elicit from each other.

Moreover, while both defense counsel stated at the September 30 hearing that they would call their co-defendant in a separate trial, neither affirmatively stated that their client would provide such testimony if so called. While both Defendants questioned whether their co-defendant could assert a Fifth Amendment privilege if subpoenaed in a separate trial, the Court observes that "[a] defendant's right to compel testimony yields to a witness's assertion of his or her Fifth Amendment privilege when the claimed privilege is grounded on a reasonable fear of prosecution." United States v. Highgate, 521 F.3d 590, 593 (6th Cir. 2008). Although, as a general rule, "a subpoenaed witness must take the stand and assert the privilege in response to particular questions[,]" Id. at 594, the Court is not in a position to determine whether the invocation of the privilege would be meritorious based upon the limited hypothetical situation in front of it. In other words, the Court finds that an assertion that a co-defendant could potentially be compelled to testify to certain information in a separate trial is not the same as a showing "that the codefendant will in fact testify if the cases are severed," as required by the four-pronged test. See Causey, 834 F.2d at 1287. Accordingly, the Court finds that the Defendants have failed to show that a joint trial would compromise a specific trial right.

8

Because the Defendants have failed to show specific and compelling prejudice, which would harm their trial rights, the Defendants' Joint Motion to Sever **[Doc. 16]** is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

　　　s/ H. Bruce Guyton　　
United States Magistrate Judge

9